# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3043 | **DATE** | 10/22/2004 |
| **CASE TITLE** | GE Railcar vs. National Steel Car Limited | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion to Remand and Motion for Attorneys Fees

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' Motion to Remand [5-1] is granted. Plaintiffs' Motion for attorney fees [5-2] is denied. See attached.

(11) ☑ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 2 5 2004 | 14 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC RAILCAR SERVICES CORPORATION and GE RAILCAR SERVICES, | ) ) ) ) | **DOCKETED** OCT 2 5 2004 |
| Plaintiffs, | ) ) | No. 04 C 3043 |
| v. | ) ) ) | Hon. Charles R. Norgle |
| NATIONAL STEEL CAR LIMITED, | ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Plaintiffs' Motion to Remand Pursuant to 28 U.S.C. § 1447(c), and Plaintiffs' Motion for attorneys fees. For the following reasons, Plaintiffs' Motion to Remand is granted, and Plaintiffs' Motion for attorneys fees is denied.

### I. BACKGROUND

**A. Facts**

Plaintiff General Electric Railcar Services Corporation ("GE Chicago") is a Delaware corporation with its principle place of business in Chicago, Illinois. Plaintiff GE Railcar Services ("GE Canada") is a Canadian partnership with its principle place of business in Canada. Defendant National Steel Car Limited ("NSC") is a Canadian corporation with its principle place of business in Canada. In 1998, GE Chicago and GE Canada (collectively GE Railcar) contracted with NSC in order to purchase railcars.

The parties dispute which specific plaintiff, GE Chicago or GE Canada, was the actual

1

14

buyer of the railcars. Plaintiffs assert that GE Canada was the actual buyer, and, after the transaction, the actual titleholder of the railcars. Pls.' Mem. of Law in Supp. of Mot. to Remand, at 1. Defendant asserts that GE Chicago was the actual buyer. National Steel Car Limited's Resp. to Mot. to Remand, at 8. In 2003, the railcars began to experience mechanical failures.

## B. Procedural History

On March 25, 2004, GE Railcar filed suit against NSC for breach of express warranty, breach of contract, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. GE Railcar originally filed this suit in the Circuit Court of Cook County, Illinois. NSC then removed the case to this court. See Notice of Removal of Apr. 28, 2004. GE Railcar now moves to remand the case to the Illinois state court system, and asks the court to award GE Railcar attorneys fees. The Motion is fully briefed and before the court.

## II. DISCUSSION

### A. Standard for Remand to State Court

Under 28 U.S.C. § 1441, a case may only be removed to the federal court system "if [it] could have been filed originally in a federal court." United Phosphorous, Ltd. v. Angus Chem. Co., 322 F.3d 942, 958 (7th Cir. 2003) (citing Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 34 (2002)). If a district court determines that it lacks subject matter jurisdiction over a case that has been removed, the district court must remand that case to state court. 28 U.S.C. § 1447(c); see also Kircher v. Putnam Funds Trust, 373 F.3d 847, 849 (7th Cir. 2004). Courts are required to interpret the rules for removal strictly, and to "presume that the plaintiff may choose his or her forum." Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993); see also Hoagland v.

2

Sandberg, No. 03 C 2059, 2004 U.S. App. LEXIS 19817, at *6-7 (7th Cir. Sept. 22, 2004) (noting that a strict, even "mechanical," application of jurisdictional rules is ultimately the most efficient approach when there is uncertainty as to whether a court has jurisdiction over a particular case). Any ambiguities concerning jurisdiction are resolved in favor of remand and against removal to federal court. Katonah v. USAIR, Inc., 868 F. Supp. 1031, 1033 (N.D. Ill. 1994) (citing Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir. 1976)).

## B. Remand and Fraudulent Joinder

A party is fraudulently joined to a suit when "there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." Gottlieb v. Westin Hotel Co., 990 F.2d 323, 327 (7th Cir. 1993). When a court is attempting to determine whether diversity exists in a particular case, that court must disregard a party that has been fraudulently joined to the action. Id. If the joinder of a nondiverse party is, in fact, fraudulent, that joinder will therefore not destroy diversity jurisdiction, if there would be diversity without the fraudulently joined party. Id. A defendant thus may seek removal to federal court where a plaintiff has fraudulently joined a party in an attempt to destroy diversity jurisdiction. See Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992).

A defendant that seeks removal in this manner has the burden to establish that a party was fraudulently joined. Id. In order to show fraudulent joinder, the defendant must show that after the court resolves all issues of law and fact in the plaintiff's favor, there is no possibility the plaintiff can establish a cause of action against the defendant in a state court. Schwartz v. State Farm Mut. Auto Ins. Co., 174 F.3d 875, 878 (7th Cir. 1999). In addition to allegations contained

3

in the parties' pleadings, the court may consider "summary judgment-type evidence," including depositions and affidavits, in determining whether a party has been fraudulently joined. CC Indus., Inc. v. Ing/Reliastar Life Ins. Co, 266 F. Supp. 2d 813, 815-16 (N.D. Ill 2003).

**C. GE Railcars' Motion for Remand to State Court**

It is undisputed that there is no diversity between the named parties in this case, as both Plaintiff GE Canada and Defendant NSC are citizens of Canada. See Allendale Mut. Ins. Co. v. Bull Data Sys., 10 F.3d 425, 428 (7th Cir. 1993) (noting that cases "in which one side of the litigation ha[s] only foreign parties and the other ha[s] a mixture of foreign and domestic parties" do not "fit any of the possibly applicable jurisdictional pigeonholes" under 28 U.S.C. § 1332(a)). Plaintiffs assert that since there is no diversity jurisdiction in this case, removal to federal court was improper. The case, plaintiffs argue, should therefore be remanded to Illinois state court.

NSC, however, asserts that the case was properly removed to federal court because GE Chicago fraudulently joined GE Canada to this action in an attempt to destroy diversity. Under the rules of fraudulent joinder, the issue thus becomes whether GE Canada has a valid cause of action in Illinois. See Schwartz, 174 F.3d at 878. If GE Canada does have a valid cause of action in Illinois, then GE Canada was not fraudulently joined, diversity of parties does not exist, and the case must be remanded to the Illinois state courts. See id.; see also United Phosphorous, 322 F.3d at 958.

Whether a claim states a valid cause of action in Illinois is analyzed in the context of a motion to dismiss. See 735 ILCS 5/2-615. Illinois courts accept all well-pled facts as true when considering a motion to dismiss. Kirwan v. Lincolnshire-Riverwoods Fire Prot. Dist., 811 N.E. 2d 1259, 1264 (Ill. App. Ct. 2004). An Illinois court should not dismiss a complaint unless "it

clearly appears that the plaintiff would not be entitled to relief under any set of facts." Id. at 1263. Illinois courts liberally construe complaints to do justice between the parties. Forest Pres. Dist. v. Miller, 789 N.E. 2d 916, 923 (Ill. App. Ct. 2003) (citing 735 ILCS 5/2-603(c)). GE Canada thus has a valid cause of action against NSC in Illinois if the complaint, liberally construed, states a claim under which it can recover.

In determining whether GE Canada has a valid cause of action against NSC in Illinois, the court must accept all of GE Railcars' well-pled facts as true. Kirwan, 811 N.E. 2d at 1264. The court may also consider "summary-judgment-type evidence" such as affidavits. See CC Indus., 266 F. Supp. at 815-16. The court accepts the following well-pled facts as true. On or about November 25, 1998, GE Railcar sent NSC a purchase order for railcars. Compl., ¶¶ 18-19. GE Railcars and NSC entered into a contract on or about that date under which GE Railcars agreed to buy railcars from NSC. Id. at ¶ 23. Those railcars were defective. Id. at ¶¶ 29-30. NCS expressly warranted that the cars would be free from defects. Id. at ¶ 41. NSC was aware that GE Railcars would lease the railcars to another company for the transportation of potash. Id. at ¶ 59. The court considers the following information contained in GE Railcars' affidavits and declarations. NSC billed GE Canada for the railcars. Pls.'s Mot. to Remand, Ex. A, Decl. of James Fergusson, at ¶ 5; National Steel Car Limited's Resp. to Mot. to Remand, Ex. A, Aff. of Alistair Wilson, at ¶ 6. GE Canada paid NSC for the railcars. Pls.'s Mot. to Remand, Ex. A, Decl. of James Fergusson, at ¶ 5. After this transaction, GE Canada held the title to the railcars. Id. at ¶ 6.

The above well-pled facts, affidavits, and declarations indicate that GE Canada is a "buyer," see 810 ILCS 5/2-103(a), NSC is a "seller," see id. at 5/2-103(d), and this transaction is

5

a "sale." See id. at 5/2-106 ("[a] 'sale' consists in the passing of title from the seller to the buyer for a price"). GE Canada thus can state a cause of action under Illinois law against NSC for breach of express warranty, 810 ILCS 5/2-313, breach of the implied warranty of merchantability, 810 ILCS 5/2-314, and breach of the implied warranty of fitness for a particular purpose, 810 ILCS 5/2-315.

Because GE Canada can state a valid cause of action under state law against NSC, GE Canada was not fraudulently joined to this case. See Gottlieb, 990 F.2d at 327. Diversity therefore does not exist, and the matter is remanded to the Illinois state court system. See Kircher, 373 F.3d at 849.

**D. GE Railcars' Motion for Attorneys Fees**

Plaintiffs seek attorneys fees and costs pursuant to 28 U.S.C. §1447 (c). Under § 1447 (c) federal district courts have discretion to award attorneys fees where removal is improper, and a case is remanded to state court. See Tenner v. Zurek, 168 F.3d 328, 329-30 (7th Cir. 1999). However, courts are not required to award attorneys fees in every case of improper removal. See Sirotzky v. New York Stock Exch., 347 F.3d 985, 987 (7th Cir. 2003) ("the entitlement [to attorneys fees] is not automatic"). In fact, "the courts in the Northern District of Illinois have routinely denied such awards where the removal involves 'complex issues' or raises a 'substantial jurisdictional question.'" Sirotzky v. New York Stock Exch., No. 02 C 0970, 2002 U.S. Dist. LEXIS 14315, at *2 (N.D. Ill. Aug. 5, 2002). In this case, the court finds that the removal action involves issues of sufficient complexity to warrant denying Plaintiffs an award of attorneys fees.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand this action to the Circuit Court of Cook County, Illinois, is granted. Plaintiffs' Motion for attorneys fees is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 10/22/04